**In the Matter of the Application for DIS-CIPLINARY ACTION AGAINST Douglas D. SLETTEN, a Member of the Bar of the State of North Dakota.**

**No. 2450–W2–9411.**

Supreme Court of North Dakota.

Aug. 18, 1995.

### ORDER OF REPRIMAND

On June 16, 1995, the Hearing Body filed its Report of Findings and Recommendations, finding that the Respondent Douglas D. Sletten had been retained by Elaine Hanson to represent her in making a claim for an elective share of her deceased husband's estate. Respondent Sletten failed to petition the court for Mrs. Hanson's elective share in a timely manner and failed to inform Mrs. Hanson of the time requirement to file the elective share set by § 30.1–05–05, NDCC. As a result of Respondent Sletten's failure to file Mrs. Hanson's elective share, she suffered substantial financial injury.

The Hearing Body found that Respondent Sletten's failure to file the elective share in a timely manner violated Rule 1.1, North Dakota Rules of Professional Conduct (NDRPC), requiring competent representation, Rule 1.3, NDRPC, requiring an attorney to act with reasonable diligence and promptness in representing a client, and Rule 1.4(a), NDRPC, requiring reasonable efforts to keep a client informed about the status of a matter. The Hearing Body further considered the appropriate sanctions in Rules 4.43, 4.53, 4.63, North Dakota Standards for Imposing Lawyer Sanctions (NDSILS), governing reprimands. The Hearing Body found that certain aggravating and mitigating factors exist with regard to Respondent Sletten. In accordance with its findings, the Hearing Body recommended that the Respondent be reprimanded by the Disciplinary Board and assessed costs and expenses of the disciplinary proceedings to be filed by Disciplinary Counsel Affidavit.

Subsequently, on July 11, 1995, Respondent Sletten filed an Affidavit of Consent, acknowledging that the material facts in the complaint are true, admitting that grounds for discipline exist that cannot be successfully defended and consenting to the recommended discipline. On July 26, 1995, a Stipulation signed by Respondent Sletten and Assistant Disciplinary Counsel Paul W. Jacobson was filed agreeing that the reasonable costs and expenses of the disciplinary proceedings are $200. The Disciplinary Board considered the matter at a regularly scheduled meeting on August 18, 1995.

IT IS HEREBY ORDERED, that the Report of the Hearing Body and the Affidavit of Consent are approved.

IT IS FURTHER ORDERED, that a **reprimand** be issued and distributed according to Rules 1.3 and 6.2(B), North Dakota Rules for Lawyer Discipline (NDRLD).

IT IS FURTHER ORDERED, in accordance with Rule 1.3(a)(9), NDRLD, that Respondent be assessed costs and expenses of these disciplinary proceedings in the sum of $200, payable to the Secretary of the Disciplinary Board.

/s/ Duane H. Ilvedson
Duane H. Ilvedson
Chair Disciplinary Board